# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY BAGNERIS (#152277)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, ET AL.** | **NO. 13-0431-SDD-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 2, 2015.

                                                             **RICHARD L. BOURGEOIS, JR.**
                                                             **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TERRY BAGNERIS (#152277)**                                   **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                                     **NO. 13-0431-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment (R. Doc. 19). This Motion is not opposed.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Secretary James LeBlanc, Col. Jimmy Smith, Major Trent Barton and Ass't Warden Robert Butler, complaining that he was subjected to unconstitutional conditions of confinement in 2012 when he was housed in a "booth cell" at Camp J at LSP, where the ventilation was allegedly inadequate and where the extreme heat presented a substantial risk of serious harm.

The defendants move for summary judgment relying upon the pleadings, a Statement of Uncontested Material Facts, a certified copy of LSP Directive No. 10.013 (relative to the Camp J Management Program), a certified copy of the plaintiff's pertinent Administrative Remedy proceedings, copies of excerpts from the plaintiff's Master Prison Record, and the affidavits of Rhonda Z. Weldon and defendants Trent Barton and Jimmy Smith.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to

judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that in 2012, he was assigned to a "booth tier" at Camp J at LSP, which he described as being "designed and built like a grave tomb closed in with

individual booth cells." According to the plaintiff, the inside heat index in his cell regularly exceeded 100 degrees. He alleges that he suffers with high blood pressure and that he was sometimes unable to get out of bed due to the extreme heat. He further asserts that the ventilation system was "extremely poor and inadequate," with one fan located at the front of the cell tier and one located at the back. The plaintiff further asserts that inmates assigned to cells in the middle of the tier could "not feel any air" circulating. According to the plaintiff, the extreme heat caused him to suffer with "shortness of breath, headaches, los[s] of appetite, itching, sweating, dehydration, bumps and rashes, unable to concentrate ... etc."

In response to the plaintiff's Complaint, the defendants first seek dismissal of the plaintiff's claim asserted against them in their official capacity for monetary damages.[1] In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, the plaintiff's claim asserted against the defendants in their official capacities for monetary damages is subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendants

---

1. It is unclear from the plaintiff's Complaint whether he has named the defendants in their official and/or their individual capacities. The Court, however, interprets the pleadings of *pro se* petitioners liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court interprets the plaintiff's Complaint as naming the defendants in both capacities.

in their individual capacities remains viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id.* at 29.[2]

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the Court next addresses the defendants' assertion that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to their participation in any violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established at the time that the violation occurred. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which

---

2. A claim for injunctive relief asserted against state officials in their official capacities is not barred by the Eleventh Amendment because such a claim is not seen to be a claim asserted against the State. *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 *Am. Jur. 2d Civil Rights* § 101. However, as pointed out by the defendants, the plaintiff has not requested injunctive relief in this proceeding and, in any event, he has since admittedly been re-assigned to a non-booth cell and so is no longer exposed to the alleged injurious conditions of which he complained. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (recognizing that an inmate's transfer normally "render[s] ... claims for declaratory and injunctive relief moot").

he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[3]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendants' motion should be granted. The plaintiff's claim in this case is that he was subjected to unconstitutional conditions of confinement in his housing unit in 2012. This claim arises under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, including the unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure

---

3. The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan, supra*, 511 at 837. Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id.* While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Wilson v. Seiter, supra*, 501 U.S. at 305. Further, conclusory allegations are not sufficient, and a plaintiff must present facts to support what are otherwise broad and conclusory allegations of wrongdoing. *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

Applying the foregoing standard, the Court finds that the plaintiff has failed to make a showing sufficient to defeat the defendants' assertion of qualified immunity in this case. In the first place, the plaintiff's Complaint is unsworn and so consists of conclusory statements that are not properly before the Court for consideration in connection with the defendants' motion for

summary judgment. Second, the plaintiff has undertaken no discovery during the allotted discovery period and has presented no evidence whatever in response to the defendants' motion, either in the form of documentation or in the form of sworn assertions by himself or by co-inmates or third persons with personal knowledge regarding the matters attested. In contrast, the defendants have presented evidence attesting that daily recorded temperatures on the plaintiff's cell tier during the two-month time period preceding his filing of a grievance did not exceed 84 degrees Fahrenheit, that the ventilation system on the plaintiff's cell tier – consisting of a fan located at either end of the tier – was fully operational at the time of the plaintiff's confinement in a booth cell at Camp J, that the doors to the booth cells were only closed for short periods of time in response to disruptive behavior by particular inmates on the tier, that the plaintiff was allowed to shower daily, that he was provided with ice both at mealtimes and upon request, that he did not seek medical attention for any heat-related complaints during that time, that he did not voice any complaints directly to the defendants, and that he was re-assigned to an open tier and a non-booth cell in October, 2012. As discussed hereafter, this un-refuted evidence in the record constitutes a showing that the defendants acted in an objectively reasonable manner in addressing the conditions faced by the plaintiff at LSP in 2012 and that they were not subjectively deliberately indifferent to a known risk of serious danger to his health or well-being.

Although exposure to extreme heat is actionable under certain circumstances, the plaintiff's allegations in this case, unsupported by any proof whatever at the summary judgment stage, fall short of what is required to establish a constitutional violation, particularly in the absence of any evidence of harm or medical complication. For example, in *Johnson v. Texas Board of Criminal Justice*, 281 Fed. Appx. 319 (5th Cir. 2008), the United States Court of Appeal

for the Fifth Circuit upheld a dismissal, as frivolous, of an inmate plaintiff's claims, finding that his allegations regarding extreme heat were "not sufficient to state a constitutional claim" because although he alleged that temperatures were "sometimes uncomfortably hot, he did not allege that he suffered from any heat-related injuries despite being subjected to these conditions numerous times." *Id.* at 321. *See also Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995) (upholding summary judgment in favor of the defendants where the inmate plaintiff alleged that excessive heat at Camp J at LSP aggravated his medical condition but where he "failed to present medical evidence of any significance" to support that assertion); *Ventry v. Gusman*, 2012 WL 1405862, *7 (E.D. La. March 29, 2012) (dismissing as frivolous an inmate's claim regarding uncomfortably hot conditions of confinement where his allegations "[fell] short of what is required to establish a constitutional violation" and where his claim regarding the aggravation of his medical condition was "speculative at best"); *Clark v. Gusman*, 2012 WL 1825306, *6 (E.D. La. March 29, 2012) (same). Similarly, it has been held that purely conclusory allegations of excessive heat and inadequate ventilation, without more, fail to implicate a federal constitutional right. *See Johnson v. Thaler*, 1999 WL 1131941, *1 (5th Cir., Nov. 12, 1999) (concluding that the inmate plaintiffs' conclusory "allegations of inadequate ventilation and excessive heat do not entitle them to relief under 42 U.S.C. § 1983"); *Parker v. Smith*, 1994 WL 198944, *2 (5th Cir. May 6, 1994) (upholding the frivolous dismissal of a plaintiff's claim that "the ventilation system in the Smith County jail [was] inadequate"). In contrast, where sufficient evidence has been presented regarding a serious potential risk of injury to inmates' health resulting from excessive heat, injunctive relief has been found to be warranted, for example in the form of "fans, ice water, and daily showers when the heat index is 90 degrees or above." *Gates v. Cook*, 376 F.3d 323, 339 (5th Cir. 2004) (upholding a grant of injunctive relief to death row inmates at a

Mississippi prison where the inmates were not "afforded extra showers, ice water, or [personal] fans ... when the heat index [was] 90 or above"); *Ball v. LeBlanc*, 988 F. Supp. 2d 639, 662 (M.D. La. 2013) (granting injunctive relief to death row inmates confined at LSP and directing that a plan be formulated "to reduce and maintain the heat index in the Angola death row tiers at or below 88 degrees Fahrenheit"). *See also Blackmon v. Garza*, 484 Fed. Appx. 866, 870-72 (5th Cir. 2012) (reversing the grant of judgment as a matter of law in favor of the defendants at the close of the plaintiff's case at trial upon a finding that the plaintiff's *evidence*, regarding heat indices, ineffective remedial measures, and aggravation of the plaintiff's medical condition, was potentially sufficient to support a verdict in his favor (emphasis added)); *Valigura v. Mendoza*, 265 Fed. Appx. 232, 235-36 (5th Cir. 2008) (upholding the denial of a motion for summary judgment based upon qualified immunity where the plaintiff "present[ed] *evidence*" to support a potential Eighth Amendment violation in combination, including evidence that he was confined to a bunk for 24 hours a day for numerous consecutive days, was not allowed "to stretch his legs or get a drink of water," was not allowed daily showers, and was subjected to temperatures "above the eighties and into the hundreds" (emphasis added)). As specifically noted in *Gates v. Cook* and *Ball v. LeBlanc, supra,* the evidentiary basis presented in support of the plaintiffs' claims in those cases made their claims for injunctive relief distinguishable from, for example, the claim faced by the Fifth Circuit in *Woods v. Edwards, supra*, where the Court upheld the dismissal of a plaintiff's claim of excessive heat at LSP but where the plaintiff "had not presented medical evidence sufficient to state an Eighth Amendment violation" and had not presented evidence regarding "temperature data for his lockdown cell." *See Gates v. Cook, supra*, 376 F.3d at 339; *Ball v. LeBlanc, supra*, 988 F. Supp. 2d at 663-64.

       In the instant case, the defendants have presented evidence reflecting that, because of a

rule violation, the plaintiff was assigned to a booth cell at Camp J in May, 2012, and he remained there for a period of approximately five (5) months, until October, 2012, after which he was re-assigned to a non-booth cell on an open tier. In fact, the plaintiff was no longer assigned to a booth cell on the date that he filed his Complaint herein regarding booth cell conditions. Thus, in contrast to inmates confined on death row, as in *Gates v. Cook* and *Ball v. LeBlanc, supra*, the plaintiff's exposure to the alleged unconstitutional conditions was of limited duration. The defendants have also presented competent evidence showing that the inmates confined on the plaintiff's cell tier were allowed to shower daily, were provided with ice at every meal and upon request, and were provided with ventilation in the form of fans located at each end of the cell tier and louvered windows located along the tier hallway. These remedial measures – ice, showers and fans – are similar to those found to be warranted and sufficient to ameliorate the adverse conditions faced by inmates in *Gates v. Cook, supra*. Further, although the plaintiff asserts a complaint regarding the very nature of the booth cells themselves, which he asserts exacerbates the hot conditions, the defendants have attested that, pursuant to prison regulations, the doors to the booth cells are closed only temporarily, when specific inmates are causing a disturbance. Finally, the defendants have produced evidence reflecting that during the two-month period preceding the plaintiff's filing of a grievance complaining about excessive heat, the daily recorded temperatures on his cell tier were between 78 and 82 degrees Fahrenheit, that the plaintiff did not complain personally to them about the heat, and that there is nothing in the record suggesting that the plaintiff sought medical attention for heat-related complaints during the pertinent time period.

    The referenced evidence presented by the defendants is entirely un-refuted by the plaintiff, and the plaintiff has provided neither evidence nor argument in response to the

defendants' motion. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his unsworn Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that the nonmoving party "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Further, pursuant to Local Rule 56(b) of this Court, the plaintiff's failure to oppose the defendants' motion for summary judgment warrants a conclusion that all of the facts contained in the defendants' Statement of Uncontested Material Facts may be deemed admitted. Finally, in the absence of any opposition to the defendants' motion, there is nothing before the Court which tends to dispute the defendants' assertions regarding (1) reasonable measures taken in 2012 to combat potentially excessive heat on the plaintiff's housing unit, including fans, daily showers and access to ice upon request, and (2) the absence of any known heat-related complaints or medical complications suffered by the plaintiff during the period of his confinement in a booth cell at LSP. Accordingly, the plaintiff has failed in this case to meet his burden of proof in addressing the defendants' assertion of qualified immunity and in opposing their assertion that they acted reasonably in response to the conditions alleged to exist on the plaintiff's cell tier. On the record before the Court, therefore, the defendants' motion is well-taken, and the Court concludes that they are entitled to summary judgment as a matter of law in connection with the claims asserted

in this proceeding. *See Porter v. Cain*, 2008 WL 5156443 (M.D. La. Dec. 5, 2008) (granting summary judgment in favor of the defendants where the inmate plaintiff complained of excessive heat at Camp J at LSP but produced no evidence to refute the defendants' evidentiary showing and had not engaged in discovery during the Court-ordered discovery period).

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary (R. Doc. 19), be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on July 2, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**